# United States Tax Court

T.C. Summary Opinion 2023-30

JOSEPH AMUNDSEN AND ANNA AMUNDSEN,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 7601-19S.                    Filed October 3, 2023.

————

Joseph Amundsen, pro se.

*Dillon T. Haskell*, *Thomas A. Deamus*, and *Mimi M. Wong*, for respondent.

SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 7, 2019 (notice), respondent determined a deficiency in petitioners' 2015 federal income tax and a section 6662(a) accuracy-related penalty. The issues for decision are

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts have been rounded to the nearest whole number.

whether petitioners[2] are (1) entitled to the cost of goods sold reported on Schedule C, Profit or Loss From Business, included with their 2015 federal income tax return (return); (2) entitled to any deductions for trade or business expenses; and (3) liable for a section 6662(a) penalty.

## *Background*

Petitioner is a certified public accountant (CPA) licensed in California and New York who operates an accounting practice as a sole proprietor from his house in Pennsylvania, where he lived when the Petition was filed. As best can be determined from what has been submitted, much of his accounting practice involved the preparation of federal income tax returns.[3]

Petitioner is a member of the Yale Club in New York City. He frequently traveled from his residence to the club during the year in issue. According to petitioner, he met some of his clients there. At the time petitioner also maintained what he refers to as a "virtual office" in downtown New York City. Little information has been provided with respect to that "office" other than a Wall Street address for purposes of receiving mail and having an "answering service" available. Nothing in the record suggests that petitioner was required to maintain an office in New York as a CPA licensed to practice there.

Petitioner prepared the return. The return includes a Schedule C that shows: (1) $66,976 as "gross receipts"; (2) $69,233 as "cost of goods sold"; and (3) a negative $2,257 as "gross profit" (which is also shown as the net loss from business). A detailed computation of the cost of goods sold is not shown on the return; instead the $69,233 is merely shown as "other costs." The cost of goods sold is disallowed in the notice. No deductions are claimed on the Schedule C. Petitioner now acknowledges that he improperly included what might otherwise be allowable trade or

---

[2] References to petitioner are to Joseph Amundsen. By Order served January 17, 2023, the case was dismissed for lack of prosecution as to Anna Amundsen; she did not appear for trial and neither petitioner agreed to stipulate any facts. The decision to be entered with respect to her will be consistent with the decision to be entered with respect to Joseph Amundsen that will take into account the resolution of the issues here under consideration.

[3] Contrary to the obligation imposed upon the parties to stipulate uncontested facts, *see* Rule 91, petitioners refused to do so. Any gaps in the factual background of this case, more likely than not, are attributable to their refusal.

business expense deductions in the cost of goods sold shown on the Schedule C.

*Discussion*

I.     *Burden of proof*

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Petitioners do not contend, and the record does not establish, that the burden of proof should shift to respondent under section 7491(a)(1).

II.     *Whether petitioners are entitled to the cost of goods sold shown on the Schedule C*

No. Little else really need be said on the point. Petitioners did not suggest, much less establish, that they may reduce the gross receipts shown on the Schedule C for any amount attributable to cost of goods sold.

III.     *Whether petitioners are entitled to any deductions for trade or business expenses*

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976). A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; *Hradesky*, 65 T.C. at 89–90.

Under section 162(a), a deduction is allowed for "ordinary and necessary expenses paid or incurred . . . in carrying on any trade or business." An ordinary expense is one that commonly or frequently occurs in the taxpayer's line of business. *Deputy v. du Pont*, 308 U.S. 488, 495 (1940). A necessary expense is one that is appropriate and

helpful in carrying on the taxpayer's business. *Commissioner v. Heininger*, 320 U.S. 467, 471 (1943); Treas. Reg. § 1.162-1(a).

As a general rule, if a taxpayer provides sufficient evidence that he or she has incurred a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made. *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985). Moreover, the Court may not estimate expenses under *Cohan* in situations where section 274 requires specific substantiation, such as with respect to travel expenses. *See* § 274(d); *Sanford v. Commissioner*, 50 T.C. 823, 827 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Temp. Treas. Reg. § 1.274-5T(a).

Although they are not identified on the Schedule C, from petitioner's presentation at trial it appears that his trade or business expenses can be divided into office or operating expenses, travel expenses, and home office expenses. To substantiate these expenses, petitioners introduced a variety of documents that include bank statements, credit card account summaries, canceled checks, and a variety of self-created financial records, such as a general ledger listing both personal and business expenses.

A.      *Office or operating expenses*

Petitioners claim that petitioner incurred a variety of office or operating expenses, including advertising, bank charges, dues and subscriptions, internet expenses, credit card interest, administrative costs, and tax software expenses. They have given us no specific amounts for any of these expenses.

Nevertheless, some of these expenses are substantiated in their financial documents. Petitioners' bank statements and credit card statements contain entries for the purchase and use of tax preparation software petitioner apparently used to file his clients' returns. They also contain entries for the licensing costs petitioner incurred to maintain his CPA licenses.

We find that petitioners have substantiated $5,688 in tax preparation software expenses, $50 for a payment made to the California Board of Accountancy, and $500 for a payment made to the

Public Company Accounting Oversight Board. Petitioners are entitled to deduct each of these expenses, which total $6,238.

Beyond these items, the remaining expenses petitioners report petitioner incurred in his business are unsubstantiated, or if substantiated, are personal expenses unrelated to petitioner's business. The evidence petitioners offered is insufficient for us to estimate, under *Cohan*, amounts for these other expenses. *See Vanicek*, 85 T.C. at 742–43.

B.     *Travel expenses*

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including travel expenses, meals and lodging while away from home, and expenses with respect to listed property as defined in section 280F(d)(4), which includes passenger automobiles. With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred.

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(c)(2). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Temp. Treas. Reg. § 1.274-5T(c)(3).

Petitioners claim that petitioner incurred various expenses to travel back and forth between his residence and New York City. These claimed expenses include meals, automobile expenses, subway tickets, and bus tickets. With respect to meals, petitioners claim that they should be entitled to deductions, at least for some days, computed with reference to the federal per diem rate. *See* Rev. Proc. 2011-47, § 4.03, 2011-42 I.R.B. 520.

As proof of petitioner's reported travel expenses, petitioners offered a "tax diary" and a calendar showing appointments and travel days. While these documents contain to-do lists and lists of appointments, it is not clear from these entries which were related to petitioner's accounting practice. Nor did petitioner's testimony specify details with respect to his travel and meals. We find that petitioners have not satisfied the substantiation requirements of section 274(d) and, accordingly, that they are not entitled to deduct travel or meal expenses.

C.  *Home office expenses*

A taxpayer is generally not entitled to deduct expenses related to a dwelling unit used as a residence during the taxable year. § 280A(a). Section 280A(c)(1) provides an exception for certain business uses of a dwelling unit, provided that a portion of the dwelling unit is exclusively used on a regular basis, as relevant, "(A) as the principal place of business for any trade or business of the taxpayer" or "(B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade of business." § 280A(c)(1)(A) and (B).

Petitioners argue that petitioner's home office expenses consist of mortgage interest, real estate taxes, depreciation, utilities, and maintenance. They claim that four out of ten rooms in their house were used exclusively for petitioner's accounting business—specifically, three computer rooms and one meeting room. Petitioners multiplied alleged expenses with respect to the use of their house by 40% to arrive at the deduction they now seek for home office expenses.

Other than petitioner's inconsistent testimony on the point, the only evidence petitioners offered for the business use of their home was a drawing of the floorplan identifying a "conference room," "accounting room," "tax room," and "staff room." Petitioner's testimony was general and did not provide sufficient information explaining the different functions of these rooms nor their need and use in his business. We find that petitioners have failed to satisfy section 280A(c), and they are not entitled to a deduction for the business use of their residence.

IV.  *Accuracy-related penalty*

Section 6662(a) imposes a penalty equal to 20% of the portion of an underpayment of tax attributable to a substantial understatement of income tax. § 6662(a), (b)(2). A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the

tax required to be shown on the return or $5,000. *See* § 6662(d)(1)(A); Treas. Reg. § 1.6662-4(b).

The Commissioner bears the burden of production with respect to a penalty imposed by section 6662(a) and is required to present sufficient evidence showing that the penalty is appropriate. *See* § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). This includes showing compliance with the procedural requirements of section 6751(b)(1). *See* § 7491(c); *Graev v. Commissioner*, 149 T.C. 485, 493 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016).

Section 6751(b)(1) provides that no penalty shall be assessed unless "the initial determination" of such assessment was "personally approved (in writing) by the immediate supervisor of the individual making such determination." The record shows that the initial penalty determination for 2015 was made by respondent's revenue agent on November 14, 2018, and approved in writing by her immediate supervisor on the same day. We find that respondent complied with all procedural requirements in asserting an accuracy-related penalty under section 6662(a) for 2015.

Petitioners' understatement of income tax likely exceeds the greater of 10% of the amount of tax required to be shown on their joint 2015 return or $5,000. *See* § 6662(d)(1)(A). Assuming that it does, we find that respondent has met his burden of production to show that petitioners' understatement of income tax for 2015 was "substantial."

A taxpayer may avoid a section 6662(a) penalty by showing that there was reasonable cause for the underpayment and that the taxpayer acted in good faith. § 6664(c)(1); *Higbee*, 116 T.C. at 448. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability and the taxpayer's knowledge, experience, and education. Treas. Reg. § 1.6664-4(b)(1).

Petitioners have presented inadequate substantiation for many of the trade or business expenses they now claim. Worse, they treated otherwise ordinary and necessary business expenses as components includible in cost of goods sold while engaged in a trade or business that did not require accounting for inventories. Petitioners offered no reasonable explanation for doing so. As a CPA who prepared the return, petitioner should have known better. Accordingly, to the extent Rule

155 computations show there is a substantial understatement of income tax, we sustain respondent's imposition of a section 6662(a) penalty.

To reflect the foregoing,

*Decision will be entered under Rule 155.*